Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | | |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : : | |
| | : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | 6:26-cv-344 |
| v. | : : | CLASS ACTION COMPLAINT TCPA (47 U.S.C. § 227) |
| PYXIS SOLUTIONS | : : | DEMAND FOR JURY TRIAL |
| Defendant. | : : | |
| | : | |

## CLASS ACTION COMPLAINT

### NATURE OF THIS ACTION

1.     Chet Michael Wilson ("Plaintiff") brings this class action against ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.     Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3.     More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

Complaint                                          1

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) as Plaintiff resides in this District and therefore a substantial portion of the events giving rise to this action occurred in this District.

6.      Defendant directed calls to Plaintiff's cellular telephone into this district.

## PARTIES

7.      Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39), and is a natural person who resides in Oregon in this District, residing in Lane County.

8.      Defendant is a corporation that is headquartered in Edmonton, Canada.

9.      Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

## PLAINTIFF'S ALLEGATIONS

10.     Plaintiff is, and has been for at least five years, the subscriber to and customary user of his cellular telephone number—(541) XXX-9999.

11.     Defendant called telephone number (541) XXX-9999 on July 15, 2025.

12.     Defendant placed the call intending to reach someone other than Plaintiff.

13.     The call came from telephone number (888) 354-8900

14.     Defendant used an artificial or prerecorded voice in connection with the call it placed to telephone number (541) XXX-9999.

15.     The voice message stated, "Please call back at 1-888-354-8900. It is important we connect today".

Complaint                                    2

16.    Defendant's voice message was generic and robotic.

17.    The content, pattern, and tone of the speech made clear to Plaintiff that the message Defendant played was prerecorded in nature.

18.    Given the generic nature of the message, the content of the message, and the robotic tone, the message was clearly prerecorded in nature.

19.    A call to that number is answered by the Defendant.

20.    Plaintiff does not have, nor did he have, an account with Defendant.

21.    Plaintiff does not, nor did, do business with Defendant.

22.    Plaintiff did not provide telephone number (541) XXX-9999 to Defendant.

23.    Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (541) XXX-9999.

24.    Defendant placed the subject call to telephone number (541) XXX-9999 voluntarily.

25.    Defendant placed the subject call to telephone number (541) XXX-9999 under its own free will.

26.    Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number (541) XXX-9999.

27.    Plaintiff listened to the voice message Defendant delivered to his cellular telephone.

28.    Plaintiff suffered actual harm as a result Defendant's subject call, in connection with which it used an artificial or prerecorded voice, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

29.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action under Federal Rule of Civil Procedure 23 and Oregon Local Rule 23-2 and as a representative of the following class:

> All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who provided their phone number to the Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

31.     Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

32.     Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

33.     The exact number of members of the Class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

34.     The Class is ascertainable because it is defined by reference to objective criteria.

35.     In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

36.     Plaintiff's claims are typical of the claims of the members of the Class.

37.     As it did for all members of the Class, Defendant placed calls to Plaintiff's cellular

telephone number in connection with which it used an artificial or prerecorded voice.

38.     In addition, like all members of the Class, Plaintiff did not have an account with Defendant.

39.     Plaintiff's claims, and the claims of the members of the Class, originate from the same conduct, practice, and procedure on the part of Defendant.

40.     Plaintiff's claims are based on the same theories as are the claims of the members of the Class.

41.     Plaintiff suffered the same injuries as the members of the Class.

42.     Plaintiff will fairly and adequately protect the interests of the members of the Class.

43.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

44.     Plaintiff will vigorously pursue the claims of the members of the Class.

45.     Plaintiff has retained counsel experienced and competent in class action litigation.

46.     Plaintiff's counsel will vigorously pursue this matter.

47.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

48.     The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the Class.

49.     Issues of law and fact common to all members of the Class are:

    a.  Defendant's violations of the TCPA;

    b.  Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

    c.   Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

    d.   Defendant's use of an artificial or prerecorded voice;

    e.   The availability of statutory penalties.

50.    A Class action is superior to all other available methods for the fair and efficient adjudication of this matter.

51.    If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

52.    The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

53.    The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

54.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

55.    The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

56.    The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

57.    There will be little difficulty in the management of this action as a class action.

58.     Defendant has acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

## COUNT 1
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

59.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-58.

60.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the Class, without consent.

61.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the Class are entitled to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action;

b)  Designating Plaintiff as a class representative of the Class under Federal Rule of Civil Procedure 23;

c)  Designating Plaintiff's counsel as Class counsel under Federal Rule of Civil Procedure 23;

d)  Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e)  Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the Class, in connection with which it uses an artificial or prerecorded voice;

f)  Awarding Plaintiff and the members of the Class damages under 47 U.S.C. §
    227(b)(3)(B);

g)  Awarding Plaintiff and the members of the Class treble damages under 47 U.S.C.
    § 227(b)(3);

h)  Awarding Plaintiff and the Class reasonable attorneys' fees, costs, and expenses
    under Rule 23 of the Federal Rules of Civil Procedure;

i)  Awarding Plaintiff and the members of the Class any pre-judgment and post-
    judgment interest as may be allowed under the law; and

j)  Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

DATED this 22nd day of February, 2026.

s/Andrew Roman Perrong
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
*Lead Attorney for Plaintiff and the Proposed Class*